ELIHU KILPATRICK *vs.* ELEAZER KILPATRICK and WILLIAM
C. KYLE.

The vendor's lien cannot be enforced against a subsequent purchaser of the
land, for a valuable consideration, without notice of the existence of the lien ;
and *semble*, that a purchaser at a sheriff's sale stands upon the same footing
with other purchasers.

However the question might be as between the vendor and vendee, yet, where
a third person has become interested in the land as a purchaser with notice,
the vendor will not be permitted to show that the consideration for the land
was really larger than that expressed in the deed to his vendee, and enforce
his lien for the larger sum. The recital in the deed is conclusive upon him.

It is a settled principle, that a court of equity will not rectify a mistake in a
written instrument, by the aid of parol evidence, except as between the
original parties. As against *bonâ fide* purchasers without notice, the instru-
ment must stand as written.

A deed was executed by a vendor, the consideration expressed in which was
$ 50. The vendor alleged, in a bill filed against his vendee and a subse-
quent purchaser, that the true consideration was $ 5000, and sought to have
his lien enforced for the latter sum, without averring that the consideration
of $ 50 was inserted in the deed by fraud, accident, or mistake, or that the
subsequent purchaser had notice of the true consideration. *Held*, that the
vendor could not be permitted to aver and prove a consideration different from
that expressed in the deed.

ON appeal from the superior chancery court; Hon. Stephen
Cocke, chancellor.

The opinion of the court gives a sufficient statement of the
facts of the case.

*L. Sanders, jr.*, for appellant.

A purchaser at sheriff's sale is supposed to take property
with all its encumbrances, and there is no defence in this
respect between real and personal property. *Calmes* v. *Forel*,
6 S. & M. 190. A purchaser at a sheriff's sale is affected with
all the equities which bound the person whose equity he pur-

chases; and is in fact not within the rule which protects a purchaser without notice. Dev. & Bat. 436; 1 Tuck. Com. B. 2, 362, and authorities there cited.

It is now settled in equity, in cases of ordinary sales of land, that the vendor's lien is retained, unless it be shown that the lien is expressly intended to be waived by some act of the parties expressive of the intent. Montag. on Liens, 88, 89; 1 Mad. R. 196; 1 John. Chan. R. 309; *Andrews* v. *Doe*, 6 How. 554.

*Thos. J. Collins*, for appellee.

1. The vendor, having expressed a consideration upon the face of his deed, is precluded from showing by parol testimony any other consideration as between him and an innocent purchaser without notice, if the purchaser has paid the purchase-money. See 2 Story's Eq. Jur. 480, § 1228, and § 788, 789, same book; Sugden on Vendors, 551, 7th ed; 1 Bro. Ch. R. 302; 6 Johns. Ch. R. 402.

2. A party will be precluded by the consideration on the face of his deed, except from the allegation of fraud, mistake, or surprise. 1 Johns. Ch. R. 429.

3. If the vendor hath taken security, or if the vendee hath sold to a third person without notice, the lien is lost. *Cole* v. *Scott*, 2 Wash. R. 141, side page.

There is not one particle of testimony, showing a knowledge of the pretended lien by Kyle, or even any one of the plaintiffs in the judgment at law, but on the contrary, the notice is expressly denied by the answer of Kyle, and proved as strongly as a negative matter of that kind can well be done. Then Kyle stands before the court in the favorable attitude of a sub-purchaser without notice, with the additional circumstance of having paid the entire purchase-money. The authorities all concur in declaring that the lien of the vendor will not attach against a sub-purchaser without notice, and particularly so, when the sub-purchaser has paid his money. But should I be mistaken, however, in this view of the case, the defendant cannot be disturbed in his title, because the law protects purchasers at sheriff's sale on the ground that

11*

that officer will be presumed to have done his duty, and title from him will not be disturbed, unless it is proved that there was fraud and collusion between the defendant and sheriff with regard to the sale. *Minor* v. *The President and Selectmen of Natchez*, 4 S. & M. 602, 631.

Mr. Chief Justice SHARKEY delivered the opinion of the court.

The appellant, who was complainant, sold a tract of land, containing about six hundred acres, to defendant Eleazer, in February, 1839, for £5000, and conveyed by deed. To secure the purchase, he took three promissory notes of defendant, but received no other security. The object of the bill is to enforce the vendor's lien. As between the two Kilpatricks, the case is well enough made out to entitle the complainant to the relief prayed. But William C. Kyle claims to hold the land free from the vendor's lien. It seems that judgment was recovered against Eleazer in 1839, shortly after he purchased the land, and that an execution issued, which was levied on the land, and it was sold on the 1st of November, 1841, which was a few days before the bill was filed. Kyle, at this sale, by his agent, became the purchaser, for a full consideration, as he alleges, and without notice, and the question is, Can the lien be enforced as against him ?

There are two objections taken to the enforcement of the lien as against Kyle ; 1st, that he is a purchaser without notice ; and, 2d, that if the lien can be enforced at all, it must be confined to the amount of the purchase-money expressed on the face of the deed from Elihu to Eleazer Kilpatrick, which was but fifty dollars.

In answer to the first objection, it is said the purchaser at sheriff's sale takes the estate subject to all equities which existed as against the owner. This general proposition is true, but at the same time it is also true that a purchaser at sheriff's sale, in many respects, stands upon the same footing with other purchasers ; and all the authorities agree that the vendor's lien cannot be enforced against a *bonâ fide* purchaser without notice. 2 Story's Eq. Jur. § 1217 – 1230 ; 4 Kent,

151, 5th ed. The case of a purchaser at sheriff's sale is not mentioned by these distinguished authors, though they hold that the lien would prevail against a judgment creditor who recovered judgment after the conveyance, as well after as before he received a conveyance of the land under his judgment. Now, if we assume that a third person who has purchased at sheriff's sale occupies precisely the place of the judgment creditor, this rule might apply to him; but this is not always true. But this doctrine was controverted by Chief Justice Marshall in the case of *Bayley* v. *Greenleaf*, 7 Wheat. 46, and after a very thorough investigation, it was then decided that the lien could not prevail against judgment creditors, and this opinion was approved by Chancellor Kent in a note to the 4th vol. of his Commentaries, 154, (note *a*,) in opposition to a distinction taken in some adjudged cases, that the lien would prevail against an assignee or creditor for a past consideration, though not against such assignee on a new consideration. In the case of *Bayley* v. *Greenleaf*, the property had been assigned for the benefit of creditors, and some doubts existing as to the assigment, it was attached and sold under the judgment, and purchased in by the trustees for the original uses. This then was the case of a sale under legal process, and if the lien could not be enforced as to the creditors, or their trustees, surely it should not be in the present case as against a stranger. In the case of *Irvine* v. *Campbell*, 6 Binn. 118, the lien was enforced against a purchaser at sheriff's sale, but it was expressly sustained on the ground that he was chargeable with notice. The court said, that as a purchaser he would be protected by the registry act, but having notice, he was liable. So far as this right of lien has been engrafted on, and become a part of our jurisprudence, we are willing to sustain it, but we should rather incline to limit it than to extend it. It may be consistent with the principles of natural equity that the vendee should not be permitted to hold the land without paying for it; but it is inconsistent with the principles of equity, that the vendor should invest his vendee with the highest evidences of an unconditional right, on which the public may be supposed to confide and act, and

at the same time hold a secret and invisible lien, which may be used to the detriment of innocent persons. It is the policy of our law to protect such persons, and there are cases in which the purchaser, at sheriff's sale, would be protected against even an express lien, if unregistered, if he purchased without actual notice. It must be contrary to the policy of such laws, if indeed it is not against their express letter, to sustain a secret lien arising by implication. Equity inclines the scale against those who are most in fault, and it is the fault of the vendor if he does not take an express lien. But waiving this question, there is another point of view in which the case is clearly with the defendant, Kyle.

The consideration expressed in the deed is $50, but the bill seeks to establish the lien for $5000. It is not averred in the bill that the consideration of $50 expressed in the deed was so inserted by fraud, accident, or mistake, and now the question is, Can the party be permitted to aver and prove a different consideration? We shall not undertake to decide how this question would stand as between vendor and vendee, but as between complainant and Kyle it seems too plain to admit of doubt. The power of a court of chancery to receive parol proof to vary a written contract is very fully considered in Sugden on Vendors, 97, 2d Am. from 5th London ed. Cases are there cited very similar to this in principle, in which the evidence was refused. True, there are cases in which parol proof has been admitted to vary the consideration expressed, but these cases have usually turned upon peculiar circumstances, and constitute exceptions to the general rule. In Sheppard's Touchstone the rule is stated to be, that if the consideration be not stated in the deed, the party may aver and prove it, but that no averment will lie against the consideration which is expressly affirmed in the deed. Sheppard's Touchstone, 222, 510. The propriety of holding the party to the consideration expressed in the deed, in the present case, is too manifest to require argument. Kyle had no means of knowing any thing of the transfer of title, except from the deed. That was placed upon record, and constituted the notice to him. His own title depended on it, and to

Kilpatrick *v*. Kilpatrick et al.

permit the parties to show a consideration so much larger than that expressed, would be to furnish vendors with the means of perpetrating frauds. The deed is the public evidence furnished by the parties of the contract, and what they have held out to the public as the true contract, they must be bound by when third persons have become interested. The case of *Irvine* v. *Campbell*, above cited, is an important one on this branch of the subject. The lien was enforced against the purchaser at sheriff's sale for the amount appearing to be due by the original deed, which was held to be notice to him, as he must trace title through it. But the lien was limited to the amount which appeared by the deed to be due. It is a settled principle, that a court of equity will not even rectify a mistake in a written instrument by the aid of parol evidence, except as between the original parties. As against *bonâ fide* purchasers without notice, the instrument must stand as written. 1 Story's Equity, 188. On this principle, even if a mistake had been alleged in this case, it would not be the subject of correction, and surely the case is much stronger, since a mistake is not charged. In the case of *Frost* v. *Beekman*, 1 John. Ch. Rep. 288, Chancellor Kent held, that a party was only chargeable with notice of a registered mortgage, as it appeared upon the register, and if a mistake had occurred, it was a question between the mortgagee and the clerk. And this doctrine was affirmed by the court for the correction of errors. 18 John. 544. The mortgage money was $3000, but in the registry it was put down as $300; and it was held that a subsequent purchaser was chargeable with notice only to the extent of $300.

We do not conceive that there is any thing in the foregoing remarks which conflicts with the case of *Parker* v. *Kelly*, 10 S. & M. 184. There a lien was retained holding the title, the vendor having given but a bond to make title on payment of the purchase-money. Having assigned the notes and the lien, it was held, that he could not defeat the lien of the assignee by making an absolute deed after the assignment. The facts of the two cases are altogether dissimilar. Our conclusion is, that the decree must be affirmed.